Case: 1:19-cv-07116 Document #: 1-1 Filed: 10/29/19 Page 1 of 5 PageID #:5

FILED
5/20/2019 4:44 PM
DOROTHY BROW
CIRCUIT CLERK
COOK COUNTY, Il
6662331

12-Person Jury

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CLAUZELL H. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2019L010384 _____ |
| | ) | |
| v. | ) | Judge _____ |
| | ) | |
| UNION PACIFIC RAILROAD, COMPANY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Clauzell H. Williams ("Mr. Williams"), by and through his undersigned counsel, alleges and states as follows as his Complaint against Defendant, Union Pacific Railroad Company ("UPR").

### THE PARTIES

1. Plaintiff, Mr. Williams, is an Africa-American male, who is a citizen and resident of the State of Illinois and of this County. At all relevant times, Mr. Williams was employed by UPR.

2. Defendant, Union Pacific Railroad ("UPR"), is an Illinois corporation that at all relevant times regularly and continuously transacted business and was doing business in the State of Illinois and Cook County. At all relevant times, UPR was the employer of Mr. Williams.

3. Venue is proper in this Court pursuant to 735 ILCS 5/2-101(1) and (2).

### BACKGROUND FACTS

4. Mr. Williams was employed by UPR, beginning on or about February 1999 and continuing until approximately March 21, 2019, at which time UPR refused to allow Mr. Williams to work or to return to work.

1

5. During his employment with UPR, Mr. Williams held the position of Utility Clerk at Defendant's facility located in Northlake, Illinois.

6. At all relevant times, Mr. Williams met and/or exceeded UPR's legitimate performance expectations.

7. Mr. Williams has a recognized disability that is covered by the Illinois Human Rights Act ("the Act"). That condition relates to and arises out of a heart condition, including congestive heart failure, which requires Mr. Williams to use a defibrillator.

8. At all relevant times, UPR knew of, and had notice of, Mr. Williams' disability.

9. UPR failed and refused to engage in the interactive process with Mr. Williams, or to attempt to provide Mr. Williams with any reasonable accommodations, including those that he requested.

10. In or about December 2018, UPR informed Mr. Williams that it would accommodate his condition and allow him to return to work, *but not with UPR.*

11. Thereafter, UPR took no action to employ Mr. Williams, to reasonably accommodate Mr. Williams, or to employ him with someone else – as UPR claimed it would.

12. As of March 21, 2019, Mr. Williams was able to fully perform the essential functions of his position, with or without reasonable accommodations. Nonetheless, UPR refused to allow Mr. Williams to return to work or to work. In addition, UPR imposed additional medical conditions and testing upon his return to work, without a basis for doing so – and without engaging in the interactive process with him.

13. UPR's bases for refusing to employ Mr. Williams, or to provide reasonable accommodations, or to allow him to work or return to work are pretexts for unlawful discrimination.

14. In addition, other similarly situated employees, who are *not* African-American, have been reasonably accommodated and allowed to return to work and work.

15. UPR has engaged in these discriminatory acts because of Mr. Williams' disability and because of his race.

16. On April 11, 2019, Mr. Williams timely filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR").

17. Subsequently, on or about June 27, 2019, Mr. Williams's counsel received a Notice from the IDHR, dated June 24, 2019, granting him leave to Opt Out of the IDHR's procedures for processing of Charges.

18. Accordingly, Mr. Williams has timely filed this action in accordance with that Notice of Opt Out.

## LEGAL CLAIMS

### COUNT I
### (VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT- DISABILITY DISCRIMINATION)

19. Mr. Williams re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 18 above, as though fully set forth herein, as Paragraph 19 of Count I.

20. At all relevant times, Mr. Williams was an "employee" of UPR within the meaning of the Illinois Human Rights Act (the "Act"). *See* 775 ILCS 5/2-101.

21. At all relevant times, UPR was the "employer" of Mr. Williams within the meaning of the Act. *Id.*

22. The Act forbids an employer from, *inter alia*, discriminating against an employee because of his/her disability or handicap. *See* 775 ILCS 5/2-102; 775 ILCS 5/103; 775 5/103(Q).

23. As set forth above, UPR discriminated against Mr. Williams by failing to allow him to work, by failing to return him to work, by failing to reasonably accommodate his condition, and by subjecting him to unequal terms and conditions of his employment.

24. In violating the Act, UPR acted intentionally, willfully, wantonly, and with intentional disregard for Mr. Williams' rights and the Act.

25. As a direct and proximate result of the UPR's discriminatory actions in violation of the Act, Mr. Williams has suffered damages, including but not limited to: loss of salary, loss of benefits, and emotional distress.

**WHEREFORE**, Plaintiff, Mr. Williams, by and through his undersigned counsel, respectfully prays for the entry of judgment in his favor and against Defendant, Union Pacific Railroad Company, on Count I of his Complaint, in an amount to be more fully proven at trial, for pre-judgment interest, for his attorneys' fees and costs, for emotional distress damages, for punitive damages, back pay, front pay, future retirement/pension benefits and distributions, and for all such other relief that is just and proper under the circumstances and recoverable under the Act.

### COUNT II
### (VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT- RACE DISCRIMINATION)

26. Mr. Williams re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 18 above, as though fully set forth herein, as Paragraph 26 of Count II.

27. The Act forbids an employer from, *inter alia*, discriminating against an employee because of his/her race. *See* 775 ILCS 5/2-102.

28. UPR discriminated against Mr. Williams based upon his race by failing to allow him to work, by failing to return him to work, by failing to reasonably accommodate his condition, and by subjecting him to unequal terms and conditions of his employment – all because of his race.

29. In violating the Act, UPR acted intentionally, willfully, and wantonly, and with intentional disregard for Mr. Williams' rights and the Act.

30. As a direct and proximate result of UPR's discriminatory actions in violation of the Act, Mr. Williams has suffered damages, including but not limited to: loss of salary, loss of benefits and emotional distress.

**WHEREFORE**, Plaintiff, Mr. Williams, by and through his undersigned counsel, respectfully prays for the entry of judgment in his favor and against Defendant, Union Pacific Railroad Company, on Count II of his Complaint, in an amount to be more fully proven at trial, for pre-judgment interest, for his attorneys' fees and costs, for emotional distress damages, for punitive damages, back pay, front pay, future retirement/pension benefits and distributions, and for all such other relief that is just and proper under the circumstances and recoverable under the Act.

**RESPECTFULLY SUBMITTED,**

By: **s/ Michael I. Leonard**
**Counsel for Plaintiff**

**LEONARDMEYER, LLP**
Michael I. Leonard
Rebecca Chacko
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312)380-6659 (phone)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com
rchacko@leonardmeyerllp.com

**JURY TRIAL DEMANDED**